JUDGE BATTS

07 CIV 9367

D. Maimon Kirschenbaum (DK 2448)
Charles Joseph (CJ 9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640 Phone
(212) 688-2548 Fax



*Attorneys for Named Plaintiffs and
the FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
VIRGINIA ALLEYNE, TINA BRAUNSTEIN,
ISAIAH GERAFINO, SHAWN LEE AND
FRANCOISE TOMASZEWSKI on behalf of
themselves and all others similarly situated,

          Plaintiffs,

    v.

72 W. 69TH STREET, LLC d/b/a TELEPAN
RESTAURANT, WILLIAM TELEPAN, AND
JIMMY NICHOLAS,

          Defendants.
-----------------------------------------------------------x

INDEX NO:

**COMPLAINT**

FLSA COLLECTIVE ACTION

DEMAND FOR JURY TRIAL

    1.    Plaintiffs Virginia Alleyne, Tina Braunstein, Isaiah Gerafino, Shawn Lee and Francoise Tomaszewski, on behalf of themselves and all others similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

    2.    This Court has jurisdiction under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Jurisdiction and venue are proper in the Southern District of New York because the corporate Defendants are licensed to do business in New York, their principal executive offices are in the Southern District of New York, and the causes

of action under which the claims asserted in this Complaint emanate from actions that took place in this District.

**THE PARTIES**

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant 72 W. 69th Street, LLC d/b/a Telepan Restaurant is a New York Corporation whose headquarters are located in New York.

5. Defendant William Telepan is co-owner of Defendant 72 W. 69th Street, LLC d/b/a Telepan Restaurant. Upon information and belief, Defendant William Telepan exercises sufficient control of Telepan's day to day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA.

6. Defendant Jimmy Nicholas is co-owner of Defendant 72 W. 69th Street, LLC d/b/a Telepan Restaurant. Upon information and belief, Defendant Jimmy Nicholas exercises sufficient control of Telepan's day to day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA.

7. Plaintiff Virginia Alleyne was employed as a server at Telepan Restaurant within the last three years.

8. Plaintiff Tina Braunstein was employed as a server at Telepan Restaurant within the last three years.

9. Plaintiff Isaiah Gerafino was employed as a server at Telepan Restaurant within the last three years.

10. Plaintiff Shawn Lee was employed as a server at Telepan Restaurant within the last three years.

11. Plaintiff Francoise Tomaszewski was employed as a server at Telepan Restaurant within the last three years.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt tipped employees employed by Defendants, including servers and/or busboys on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and one and one half times this rate for work in excess of forty (40) hours per workweek, and allowing non-tipped employees to share in their tips. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## FACTS

15. Copies of Plaintiffs' Consent to Sue Form are attached hereto as Exhibit A.

16. Defendants committed the following alleged acts knowingly, intentionally and willfully.

17. Defendants knew that nonpayment of minimum wage, improperly forcing Plaintiffs and the FLSA Collective Plaintiffs to share their tips with Defendants' agents and other non service employees and the FLSA Collective Plaintiffs would economically injure Plaintiffs and violated federal and state laws.

18. Until December 31, 2004, the minimum wage under New York state law was $5.15 per hour. From January 1, 2005 until December 31, 2005 the minimum wage under state law was $6.00 per hour. In 2006 the minimum wage was $6.75 per hour, and the state minimum wage is currently $7.15 per hour.

19. The federal minimum wage is $5.15 per hour.

20. Defendants unlawfully paid Plaintiffs and the FLSA Collective Plaintiffs an hourly rate below the federal and state minimum wage.

21. Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available cases under 29 U.S.C 203 (m) and 12 N.Y.C.R.R. § 137-1.5 because Defendants, their agents and other non service employees, including but not limited to the restaurant managers, retained portions of the tips for themselves, thereby preventing Plaintiffs from retaining tips in violation of 29 U.S.C. § 203(m). In addition, other non-tipped employees illegally participated in the tip pool, with the

consent of management, preventing Defendants from availing themselves of the tip credits.

23. The restaurant managers are agents of the Defendants for several reasons, including but not limited to:

    A. The managers have the ability to hire and fire employees;

    B. The managers supervise and discipline servers and other employees;

    C. The managers determine scheduling; and

    D. The managers oversee training of new employees.

23. Throughout Plaintiffs' employment, Defendants, through their agents and/or non service employees, including but not limited to managers, illegally retained substantial portions of Plaintiffs' nightly tips, as they were included in the restaurant's tip pool.

24. Plaintiffs at times worked in excess of forty hours per workweek.

25. Plaintiffs were not compensated one and one half times New York's minimum wage for hours that they worked in excess of forty per workweek.

26. Defendants committed the foregoing acts against Plaintiffs and the FLSA Collective Plaintiffs.

<b><u>FIRST CLAIM FOR RELIEF</u></b><br><b>(FLSA Claims, 29 U.S.C. §§ 201, <i>et seq.</i>,<br>Brought by Plaintiffs on Behalf of<br>Themselves and the FLSA Collective Plaintiffs)</b>

27. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

28. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

29. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

30. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.***
**Brought by Plaintiffs on Behalf of**
**Themselves and the FLSA Collective Plaintiffs)**

31. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

32. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

33. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs at time and a half rate for work in excess of forty (40) hours per workweek, and willfully

failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

34. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

35. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Act, New York Labor Law §§ 650 *et seq.*)**
**Brought by Plaintiffs)**

36. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

37. Defendants knowingly paid Plaintiffs less than the New York State Minimum Wage § 652 and supporting regulations of the New York State Department of Labor.

38. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

39. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages in amount to be determined at trial and attorneys' fees, as provided by N.Y. Lab. Law § 663.

40. Plaintiffs do not seek liquidated damages for this claim.

## FOURTH CLAIM FOR RELIEF
(New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,
Brought by Plaintiffs)

41.  Plaintiffs reallege and incorporate by reference all previous paragraphs.

42.  It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

43.  Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs at the required overtime rates, one and a half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

44.  As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

45.  Plaintiffs do not seek liquidated damages for this claim.

## FIFTH CLAIM FOR RELIEF
(Illegal Pay Deductions and Deductions from Gratuities,
N.Y. Lab. L. § § § 193, 196-d and 198-b)
Brought by Plaintiffs)

46.  Plaintiffs reallege and incorporate by reference all previous paragraphs.

47.  Defendants made illegal deductions from Plaintiffs' pay.

48.  Defendants retained portions of Plaintiffs' tips.

49. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

50. Plaintiffs do not seek liquidated damages for this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Named Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

D. Penalties available under applicable laws;

E. Costs of action incurred herein, including expert fees;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

G. Pre-Judgment and post-judgment interest, as provided by law; and

H.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
October 17, 2007

Respectfully submitted,

JOSEPH & HERZFELD LLP

By: _____
D. Maimon Kirschenbaum (DK-2338)

Charles E. Joseph (CJ-9442)
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Named Plaintiffs and the FLSA Collective Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

# Exhibit A

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Telepan Restaurant, William Telepan, Jimmy Nicholas and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Virginia W. Alleyne
Full Legal Name (Print)

Virginia W. Alleyne
Signature

7/24/07
Date

07/26/2007 12:49 12126259262 UPS_STORE PAGE 01/01

Yahoo! Mail - kidspeed8@yahoo.com Page 1 of 1

Case 1:07-cv-09367-DAB Document 1 Filed 10/19/2007 Page 13 of 15




Print - Close Window

## CONSENT TO SUE UNDER

## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Telepan Restaurant, William Telepan, Jimmy Nicholas and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Isaiah Garefino

Full Legal Name (Print)

Signature

07/26/07

Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Telepan Restaurant, William Telepan, Jimmy Nicholas and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

_SHAWN LEE_
Full Legal Name (Print)

_/s/_
Signature

_08/31/07_
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Telepan Restaurant, William Telepan, Jimmy Nicholas and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

_Francoise S. Tomaszewski_
Full Legal Name (Print)

_Francoise S. Tomaszewski_
Signature

_July 29, 2007_
Date