FOX ROTHSCHILD LLP
Carolyn D. Richmond (CR-0993)
Eli Z. Freedberg (EF-6854)
100 Park Avenue, Suite 1500
New York, New York 10017
Phone:  (212) 878-7983

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| VIRGINIA ALLEYNE, TINA BRAUNSTEIN, ISAIAH GERAFINO, SHAWN LEE AND FRANCOISE TOMASZEWSKI on behalf of themselves and all others similarly situated, | : : : : : | **ECF CASE**<br><br>**07-CV-9367 (DAB)** |
| Plaintiffs, | : : | |
| -against- | : : | |
| 72 W. 69TH STREET, LLC d/b/a TELEPAN RESTAURANT, WILLIAM TELEPAN, and JIMMY NICHOLAS | : : : : | |
| Defendants. | : : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendants 72 W. 69TH STREET, LLC d/b/a TELEPAN RESTAURANT ("Restaurant"), WILLIAM TELEPAN ("Telepan") and JIMMY NICHOLAS ("Nicholas") (collectively "Defendants"), by their attorneys, Fox Rothschild, LLP, hereby answer the Complaint of plaintiffs VIRGINIA ALLEYNE, TINA BRAUNSTEIN, ISAIAH GERAFINO, SHAWN LEE AND FRANCOISE TOMASZEWSKI ("Plaintiffs").

In response to all non-numbered paragraphs, and each and every substantive allegation of the Complaint, Defendants deny that they violated the law and/or that they harmed Plaintiffs in any way.

1.      Paragraph 1 of the Complaint does not contain any allegations of fact that can be admitted or denied.

## JURISDICTION AND VENUE

2.      In response to paragraph 2 of the Complaint, Defendants deny the allegations as conclusions of law, except admit that this Court has subject matter jurisdiction over the First and Second Claims for Relief under the Fair Labor Standards Act and that venue is proper. Defendants further admit that the Restaurant conducts business in this District, and has its principal office in this District.

## THE PARTIES

3.      Paragraph 3 of the Complaint does not contain any allegations of fact that can be admitted or denied.

4.      In response to paragraph 4 of the Complaint, Defendants deny the allegations, except to admit that the Restaurant's headquarters are located in New York.

5.      In response to paragraph 5 of the Complaint, Defendants deny the allegations, except to admit that Telepan is a co-owner of the Restaurant.

6.      In response to paragraph 6 of the Complaint, Defendants deny the allegations, except to admit that Nicholas is a co-owner of the Restaurant.

7.      In response to paragraph 7 of the Complaint, Defendants admit the allegations.

8.      In response to paragraph 8 of the Complaint, Defendants deny the allegations.

9.      In response to paragraph 9 of the Complaint, Defendants admit the allegations.

2

10.     In response to paragraph 10 of the Complaint, Defendants admit the allegations.

11.     In response to paragraph 11 of the Complaint, Defendants admit the allegations.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.     In response to paragraph 12 of the Complaint, Defendants do not dispute that Plaintiffs have filed an action for an alleged violation of the Fair Labor Standards Act. Defendants deny the substantive allegations of the Complaint and any allegations involving the collective action and do not waive the right to challenge those allegations in this Court.

13.     In response to paragraph 13 of the Complaint, Defendants deny the allegations.

14.     In response to paragraph 14 of the Complaint, Defendants deny the allegations.

## FACTS

15.     Paragraph 15 of the Complaint does not contain any allegations of fact that can be admitted or denied.

16.     In response to paragraph 16 of the Complaint, Defendants deny the allegations.

17.     In response to paragraph 17 of the Complaint, Defendants deny the allegations.

18.     In response to paragraph 18 of the Complaint, no response is required as the paragraph avers conclusions of law.

19.     In response to paragraph 19 of the Complaint, no response is required as the paragraph avers conclusions of law.

20.     In response to paragraph 20 of the Complaint, Defendants deny the allegations.

21.     In response to paragraph 21 of the Complaint, Defendants deny the allegations.

22.     In response to paragraph 22(a)-(d) of the Complaint, Defendants deny the allegations as conclusions of law.  To the extent that paragraph 22(a)-(d) of the Complaint

3

contains allegations of fact, Defendants deny the same except to admit that managers oversee some service training of new employees.

23.     In response to paragraph 23 of the Complaint, Defendants deny the allegations.

24.     In response to paragraph 24 of the Complaint, Defendants admit the allegations.

25.     In response to paragraph 25 of the Complaint, Defendants deny the allegations.

26.     In response to paragraph 26 of the Complaint, Defendants deny the allegations.

## FIRST CLAIM FOR RELIEF

27.     In response to paragraph 27 of the Complaint, Defendants incorporate by reference its responses to paragraphs 1-26 of Plaintiffs' Complaint.

28.     In response to paragraph 28 of the Complaint, Defendants deny the allegations as conclusions of law.

29.     In response to paragraph 29 of the Complaint, Defendants deny the allegations.

30.     In response to paragraph 30 of the Complaint, Defendants deny the allegations.

## SECOND CLAIM FOR RELIEF

31.     In response to Paragraph 31 of the Complaint, Defendants incorporate by reference its responses to paragraphs 1-30 of Plaintiffs' Complaint.

32.     In response to Paragraph 32 of the Complaint, Defendants deny the allegations.

33.     In response to paragraph 33 of the Complaint, Defendants deny the allegations.

34.     In response to paragraph 34 of the Complaint, Defendants deny the allegations.

35.     In response to paragraph 35 of the Complaint, Defendants deny the allegations.

## THIRD CLAIM FOR RELIEF

36.     In response to paragraph 36 of the Complaint, Defendants incorporate by reference its responses to paragraphs 1-35 of Plaintiffs' Complaint.

4

37.    In response to paragraph 37 of the Complaint, Defendants deny the allegations.

38.    In response to paragraph 38 of the Complaint, Defendants deny the allegations.

39.    In response to paragraph 39 of the Complaint, Defendants deny the allegations.

40.    Paragraph 40 of the Complaint does not contain any allegations that can be admitted or denied.

## FOURTH CLAIM FOR RELIEF

41.    In response to paragraph 41 of the Complaint, Defendants incorporate by reference its responses to paragraphs 1-40 of Plaintiffs' Complaint.

42.    In response to paragraph 42 of the Complaint, Defendants deny the allegations as conclusions of law.

43.    In response to paragraph 43 of the Complaint, Defendants deny the allegations.

44.    In response to paragraph 44 of the Complaint, Defendants deny the allegations.

45.    Paragraph 45 of the Complaint does not contain any allegations that can be admitted or denied.

## FIFTH CLAIM FOR RELIEF

46.    In response to paragraph 46 of the Complaint, Defendants incorporate by reference its responses to paragraphs 1-45 of Plaintiffs' Complaint.

47.    In response to paragraph 47 of the Complaint, Defendants deny the allegations.

48.    In response to paragraph 48 of the Complaint, Defendants deny the allegations.

49.    In response to paragraph 49 of the Complaint, Defendants deny the allegations.

50.    Paragraph 50 of the Complaint does not contain allegations that can be admitted or denied.

## PRAYER FOR RELIEF

NY1 99203v1 01/10/08
NY1 102013v2 01/25/08

Defendants deny all the allegations contained in Plaintiffs' Prayer For Relief, and Defendants further deny that Plaintiffs are entitled to the relief requested, or any other relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, fails to allege facts sufficient to state a claim upon which relief can be granted. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of waiver. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### THIRD AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred to the extent Plaintiffs had unclean hands. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by judicial, equitable, and/or collateral estoppel. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of laches. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

NY1 99203v1 01/10/08
NY1 102013v2 01/25/08

## SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs and putative collective action members have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants have at all times acted in good faith and had reasonable grounds for believing that its pay practices complied with federal and state law. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## EIGHTH AFFIRMATIVE DEFENSE

The putative collective action members cannot proceed collectively under 29 U.S.C. § 216(b) because they are not similarly situated. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable Statute of Limitations. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## TENTH AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under New York Labor Law. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

NY1 99203v1 01/10/08
NY1 102013v2 01/25/08

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which prejudgment interest may be granted. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for liquidated damages are barred, in whole or in part, because any and all actions taken by Defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of Federal or New York law. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA") and, therefore, the collective action allegations of the Complaint should be stricken and dismissed. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims cannot proceed as a class action because the FLSA and its collective action procedure preempt state law that might otherwise permit class action treatment. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot establish or satisfy the requirements for class certification pursuant to Fed.R.Civ.P. 23 and, therefore, the class certification allegations of the Complaint should be

8

stricken and dismissed. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## SIXTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiffs were afforded all of the rights, privileges, and immunities granted pursuant to the laws of the United States and the State of New York. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto Defendants acted in a manner that was proper, reasonable and lawful and in the exercise of good faith. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## EIGHTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did any Defendant act in a willful, wanton, reckless, and/or malicious manner or with reckless disregard of either the FLSA or New York law.

## NINETEENTH AFFIRMATIVE DEFENSE

There is no basis for awarding damages under the facts and circumstances of this case. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants are not liable for damages, including liquidated damages. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

9

Plaintiffs suffered no injuries as a result of any alleged acts or omissions by Defendants. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants have no knowledge or means of ascertaining the truth or falsity of the allegations concerning the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiffs and the same are accordingly denied and strict proof thereof is demanded at the trial of this case. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries, sufferings and damages, if any, were caused by Plaintiffs' own acts, omissions or conduct. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted because, among other reasons, Plaintiffs were paid time and one-half their regular hourly rate for all hours worked in excess of forty in any work week during the period of time they were employed in a non-exempt capacity. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

10

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims of Plaintiffs are barred. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

11

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) and/or (b). This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendants hereby invoke the doctrine of waiver to bar the claims asserted by Plaintiffs to the extent the Department of Labor has already investigated and issued a determination or otherwise resolved any prior claims. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

To the extent that discovery reveals that Plaintiffs received compensation for their alleged underpayments in connection with, or as a result of, a payment to Defendants' employees supervised by the Department of Labor; or in connection with, or as a result of, a judicial action that was resolved through a court-approved settlement or judgment, Defendants hereby invoke the doctrine of waiver to bar the claims asserted by Plaintiffs. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

NY1 99203v1 01/10/08
NY1 102013v2 01/25/08

## THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent that discovery reveals that Plaintiffs falsely reported their hours and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiffs to falsely report their hours; and no evidence that Defendants knew or should have known that Plaintiffs were providing false information as to their hours, Defendants hereby invokes the doctrine of estoppel to bar the claims asserted by Plaintiffs. See Brumbelow v. Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir. 1972). This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

NY1 99203v1 01/10/08
NY1 102013v2 01/25/08

WHEREFORE, Defendants pray for judgment as follows:

A.    That Plaintiffs and the putative collective action members take nothing by the Complaint;

B.    That the Complaint be dismissed with prejudice, together with the costs and disbursements of this action; and

C.    For such other relief as this Court may deem just and proper.

Dated:  New York, New York
        January 25, 2008

FOX ROTHSCHILD LLP
*Attorneys for Defendants*


*/s/ Carolyn D. Richmond*
By:    Carolyn D. Richmond (CR-0993)
       Eli Z. Freedberg (EF-6854)
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7983

14

## **CERTIFICATE OF SERVICE**

CAROLYN D. RICHMOND, an attorney admitted to practice in this Court, hereby states

that on January 25, 2008, I caused a true and correct copy of the foregoing Defendants' Answer

And Affirmative Defenses To The Complaint For Violations Of The Fair Labor Standards Act

And State Wage And Hour Laws; Claims For Damages And Injunctive Relief – Collective

Action to be filed with the Clerk of the District Court using the CM/ECF system, which sent

notification of such filing to the following:

D. Maimon Kirschenbaum
JOSEPH & HERZFELD LLP
757 Third Avenue, 25th Floor
New York, NY 10017

*/s/ Carolyn D. Richmond*
Carolyn D. Richmond (CR-0993)

NY1 99203v1 01/10/08
NY1 102013v2 01/25/08